IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony C. Davis,<br><br>                    Plaintiff,<br><br>vs.<br><br>Deputy Solicitor Brett Perry; Lt. Brad Lawson; Investigator Justin Spivey; Investigator Young; Magistrate Roderick Todd; Magistrate James Davis; and Attorney Deborah Butcher,<br>                                        Defendants. | C/A No. 3:21-cv-104-JFA-SVH<br><br><br>**ORDER** |

## I.     INTRODUCTION

The *pro se* plaintiff, Anthony Davis, proceeding in forma pauperis, brings this civil rights action pursuant to 28 U.S.C. § 1915; § 1915A. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After reviewing the complaint, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 7). Within the Report, the Magistrate Judge opines that this court should dismiss the complaint with prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[2] The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] To protect against possible abuses, this statute allows a district court to dismiss certain cases upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 22, 2021. *Id.* Davis filed objections to the Report on February 1, 2021. (ECF No. 10). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must

"direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

### III. DISCUSSION

Within the Report, the Magistrate Judge concludes that Plaintiff's claims should be dismissed for a number of reasons. Chief among them is that his claims are barred by the United States Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Within his objections, Plaintiff claims that *Heck* is not applicable here because he is seeking money damages and not seeking release from confinement. In support of this contention, Plaintiff cites to abstention principals and also argues that exhaustion of state remedies is not a prerequisite for § 1983 actions. Nowhere in the Report does the Magistrate Judge reference abstention or exhaustion as a prerequisite. Thus, these arguments are without merit. Additionally, although Plaintiff seeks money damages, as opposed to release from confinement, he provides no opposition to the holding in *Heck* which states that a "claim for damages bearing that relations to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, Plaintiff's claims clearly relate to his conviction in the South Carolina State

court which has not been invalidated. Accordingly, this objection is overruled. Because this determination bars the entirety of Plaintiff's claims, further analysis is unnecessary.[3]

## IV.     CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report (ECF No. 7). Thus, Plaintiff's claims are summarily dismissed with prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 8, 2021                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                    United States District Judge

---

[3] The court would also note that Plaintiff's objections stated that he did not oppose Paragraphs 3 and 4 of the Magistrate Judge's analysis and further failed to offer specific objections to Paragraph 5. (ECF No. 10, p. 7). Therefore, those portions of the Report are also adopted with no objection.